# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARLON LORENZO BROWN,<br><br>Petitioner,<br><br>v.<br><br>EIGHTH JUDICIAL DISTRICT COURT, *et al.*,<br><br>Respondents. | Case No. 2:17-cv-02644-MMD-GWF<br><br>ORDER |

Petitioner, a state pretrial detainee, has filed a habeas petition under 28 U.S.C. § 2241 without properly commencing the action by paying the filing fee or filing a pauper application.

Petitioner asserts that he filed a pauper application with another pending civil action and directs the Court to that application. Petitioner must properly commence each action that he files by contemporaneously either paying the filing fee or submitting a properly completed pauper application in that action. Any action that is not properly commenced is subject to immediate dismissal absent substantial prejudice.

It does not appear that a dismissal of this improperly-commenced action without prejudice to the filing of a new and properly commenced action under a new docket number would constitute the functional equivalent of a dismissal with prejudice or otherwise cause substantial prejudice. Petitioner is challenging his pretrial detention by state authorities; and the one-year limitation period of 28 U.S.C. § 2244(d) is not applicable to such an action, which arises under § 2241 rather than § 2254.

It is therefore ordered that this action is dismissed without prejudice.

It is further ordered that a certificate of appealability is denied. Jurists of reason would not find debatable whether the Court was correct in its dismissal of the action without prejudice on procedural grounds, for the reasons discussed herein.

It is further ordered, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, that the Clerk make informal electronic service upon respondents by adding Nevada Attorney General Adam P. Laxalt as counsel for respondents and directing a notice of electronic filing of this order to his office. No response is required from respondents other than to respond to any orders of a reviewing court.

It is further ordered that the Clerk of Court send petitioner: (a) a copy of his papers in this action; (b) two copies of an inmate pauper application form and one copy of the instructions; and (c) two copies of an AO-0242 form for a § 2241 petition, which can be retrieved from the forms page on the JNet.[1]

The Clerk is directed to enter final judgment accordingly, dismissing this action without prejudice.

DATED THIS 16th day of October 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner may not submit a wholly handwritten petition but instead must use the § 2241 petition form. Petitioner additionally should attach copies of all state court decisions addressing the claims that he raises in the federal petition. The Court does not imply by omission that the papers presented are not subject to other deficiencies. Federal courts generally may not interfere in pending state criminal prosecutions absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37 (1970).